**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RONALD MONROE AND<br>KRISTINE MONROE,<br>BOTH INDIVIDUALLY AND ON<br>BEHALF OF THEIR MINOR DAUGHTER<br>TAYLOR MONROE | CIVIL ACTION<br><br>NO. 19-310-JWD-EWD |
| VERSUS | |
| WALMART, INC. AND<br>SAM'S WEST, INC. | |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Kristine Monroe ("Kristine") and her minor daughter, Taylor Monroe ("Taylor") (collectively, "Plaintiffs") in East Baton Rouge Parish, Louisiana.[1] Specifically, Plaintiffs allege that on April 1, 2018, Kristine brought her 2005 Honda Accord to a Sam's Club retail store owned and/or operated by Sam's West, Inc. ("Sam's") and Walmart, Inc. ("Walmart") (collectively, "Defendants") for the replacement of one of the car's tires. Later the day the tire was replaced, Kristine drove the car on Interstate 110 with her daughter as a passenger. Plaintiffs allege that the car began to shake and then Kristine lost control of the car "as the vehicle rolled over on its sides" (the "Accident").[2] Plaintiffs allege that the Accident was caused by the fault and negligence of Defendants for failing to properly re-affix the wheel to the car.[3]

On or about March 29, 2019, Kristine and her husband Ronald Monroe ("Ronald") filed their Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court

---

[1] R. Doc. 1-1, ¶¶ 2, 4.
[2] R. Doc. 1-1, ¶¶ 2-4.
[3] R. Doc. 1-1, ¶ 5.

for the Parish of East Baton Rouge, individually and on behalf of Taylor as her parents and natural tutor.[4] On May 15, 2019, Defendants removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiffs are domiciliaries of Louisiana, Walmart is a Delaware corporation with its principal place of business in Arkansas, and Sam's is an Arkansas corporation with its principal place of business in Arkansas; therefore, complete diversity of citizenship appears to exist.[6]

It is not clear from the Notice of Removal or the Petition whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges Plaintiffs' injuries as follows:

> 7.
>
> As a result of the accident referred to [] herein, Petitioner Kristine Monroe, and her minor daughter Taylor Monroe, sustained severe and disabling bodily injuries.
>
> 8.
>
> As a result of the accident and injuries referred to herein, Petitioner Kristine Monroe and her minor daughter Taylor Monroe have suffered disabling and debilitating physical and emotional pain and injury, and will continue to suffer such pain and injury in the future.

---

[4] R. Doc. 1-1, introductory paragraph.
[5] R. Doc. 1, ¶¶ 5-6, 13 and introductory paragraph.
[6] R. Doc. 1, ¶¶ 8, 10.
[7] *See* 28 U.S.C. §1332(a).

9.

> Petition (sic) Kristine Monroe and her minor daughter Taylor Monroe have suffered special damages in the form of medical expenses incurred as a result of the accident in suit herein, and will continue to suffer such special damages in the future.

10.

> As a result of the accident and injuries referred to herein, Petitioner Kristine Monroe has been caused to suffer from an impairment of her quality of life.[8]

In connection with Kristine's and Taylor's injuries and medical expenses, Plaintiffs seek "reasonable" damages on behalf of Kristine and Taylor, and loss of consortium damages on behalf of Ronald due to the injuries sustained by Kristine and Taylor.[9] Ronald, the registered owner of the car, seeks damages for repair/total loss damages related to the car.[10] Plaintiffs also seek "judgment in an amount reasonable for the injuries sustained by Petitioners…and the past, present, and future damages advanced by Petitioners herein," as well as interest and court costs.[11]

In the Notice of Removal, Defendants rely on the above allegations as support for the assertion that "All of these damage allegations make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs."[12] Additionally, Defendants assert that on May 7, 2019, they requested that Plaintiffs executed a proposed stipulation that the amount in controversy does not exceed the jurisdictional minimum; however, on May 13, 2019, Plaintiffs' counsel responded and "refused" to sign the stipulation.[13] According to Defendants, "This refusal

---

[8] R. Doc. 1-1, ¶¶ 7-10.
[9] R. Doc. 1-1, ¶¶ 11-13.
[10] R. Doc. 1-1, ¶ 14.
[11] R. Doc. 1-1, prayer for damages.
[12] R. Doc. 1, ¶ 11.
[13] R. Doc. 1, ¶ 12, R. Doc. 1-2, pp. 5-7 (proposed stipulation), and R. Doc. 1-3, p. 1 (response from Plaintiffs' counsel: "This message is being submitted with respect to the above referenced matter. Based upon recent conversations with the client, at this time we cannot complete the stipulation. I do apologize for any delay.").

clearly supports that Plaintiffs' amount in controversy exceeds $75,000, exclusive of interest and costs."[14] Defendants then removed the matter to this Court.

The foregoing does not provide enough information to determine if Plaintiffs' claims will exceed $75,000 exclusive of interest and costs. First, Plaintiffs' general allegations in the Petition of "severe and disabling bodily injuries," "disabling and debilitating physical and emotional pain and injury," and "an impairment of [Kristine's] quality of life")[15] and demands for general categories of damages (*e.g.*, "reasonable" damages, "special damages in the form of medical expenses," "loss of consortium damages," and "repair and total loss damages" with respect to the car)[16] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., and cases cited therein.[17]

In this case, there is no description of any of the actual injuries suffered by any of the Plaintiffs, the nature of Plaintiffs' medical treatment, the actual amount of medical expenses Plaintiffs have incurred thus far, the nature of Kristine's alleged "impairment of quality of life," Plaintiffs' prognosis and recommended future treatment, and whether Kristine is working/can work. Defendants have not offered any specific medical information regarding Plaintiffs' injuries, treatment, prognosis, and expenses in support of the amount in controversy. Defendants have also not offered any specific information regarding the alleged damage to the car. There is also no

---

[14] R. Doc. 1, ¶ 12.
[15] R. Doc. 1-1, ¶¶ 7-8, 10.
[16] R. Doc. 1-1, ¶¶ 9, 11-14.
[17] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.

Further, Defendants' reliance on Plaintiffs' response to the proposed stipulation, *i.e.,* "[b]ased upon recent conversations with the client, at this time we cannot complete the stipulation,"[18] is also insufficient to establish the amount in controversy. It is not clear from this response whether Plaintiffs cannot stipulate because they do not believe their damages exceed $75,000 or because they do not know. Regardless, a Plaintiff's refusal to stipulate that his damages are below the federal jurisdictional minimum, while it may be considered, is not determinative of whether the amount in controversy is met.[19] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[20]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **May 27, 2019**, Defendants Walmart, Inc. and Sam's West, Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

---

[18] R. Doc. 1-3, p. 1.
[19] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) ("Finally, the record indicates that Plaintiffs refused to stipulate prior to removal that each of the Plaintiffs' claims did not exceed the jurisdictional amount. (R. Doc. 7-4). Plaintiffs did not have a legal obligation to sign such a stipulation 'and, therefore, [their] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'"). *See also Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (Such a refusal "is but one factor for the court to consider."); *and Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate.").
[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED** that on or before **June 6, 2019**, Plaintiffs Ronald and Kristine Monroe shall file either: (1) a Notice stating that Plaintiffs do not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand. The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, May 20, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**